# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RONNIE HANKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV239 HEA |
| | ) | |
| PHILLIP ANDERSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $5, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). After reviewing the pleadings, the Court finds that plaintiff must file an amended complaint.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

The Court accepts the factual allegations in the complaint as true. Plaintiff worked in the laundry at the Eastern Reception, Diagnostic and Correctional Center doing alterations. He altered defendant Phillip Anderson's shirts. Anderson found the shirts to be too small, and he threatened plaintiff with retaliation.

Another inmate assaulted plaintiff in his cell. Plaintiff did not fight back. Video evidence showed that he did not fight back. Anderson gave plaintiff a conduct violation for assault, regardless of the fact that plaintiff did not fight. Plaintiff was assaulted a second time, and again he did not fight back. Anderson gave him a second conduct violation. Plaintiff filed a grievance about the false conduct violations.

Defendant Diane Montgomery denied his grievance. Later, Montgomery found plaintiff guilty of the assault charge. Montgomery sat in on the administrative segregation hearing, and she gave him thirty days in administrative segregation. Plaintiff says he spent a total of 287 days in disciplinary and administrative segregation after several hearings. He claims he was denied due process.

Defendants Terry Russell, Unknown Chisko, and Unknown Hawanchak came into plaintiff's cell and removed legal papers. They also threw his legal materials on the floor and tore some papers in half. At that time, plaintiff was litigating a medical mistreatment claim before this Court.

Defendant Unknown Webb refused to give plaintiff toothpaste even though he had a gum infection at the time.

**Discussion**

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff give a "short and plain statement" of the facts giving rise to relief.

The complaint, which is eighty-seven pages long, is far too lengthy. Plaintiff tediously repeats his allegations against the defendants throughout the complaint. And many of his allegations are wholly conclusory. Because the complaint is overly long and repetitive, it does not comply with Rule 8(a), and it is dismissible as a result. *See Micklus v. Greer*, 705 F.2d 314, 317 n. 3 (8th Cir. 1983) ("if the plaintiff has 'persisted' in violating the rule, the district court is justified in dismissing with prejudice.").

Before dismissing this case, the Court will allow plaintiff to file an amended complaint. The amended complaint must contain a *short and plain* statement of the *facts* giving rise to relief. The complaint should not contain legal arguments or legal conclusions. Nor should it contain repetitive allegations with regard to a particular incident. That is, plaintiff should write a short and plain statement about an incident and then move on to another incident. In his counts for relief, he does not need to recite all of the facts he previously stated in the body of the complaint.

**Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint**. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint that are not included in the amended complaint will be considered abandoned**. *Id.* **Plaintiff must allege how each and every defendant is directly responsible for the alleged harm. In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint**.

**If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal**.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $5 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to send plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint no later than twenty-eight (28) days from the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not comply with this Order, the Court will dismiss this action without further proceedings.

Dated this 29th day of February, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE