UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE HANKINS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16CV239 HEA |
| PHILLIP ANDERSON, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint for unconstitutional conditions of confinement. After review, the Court finds that several of plaintiff's claims must be dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is incarcerated in the Eastern Reception Diagnostic and Correctional Center ("ERDCC"). Defendants are all officials there. For the purposes of this Order, the Court accepts the non-conclusory factual allegations as true.

Plaintiff worked in the prison's laundry. Defendant Phillip Anderson's wife asked plaintiff's boss to alter some of Anderson's white shirts. Plaintiff was tasked with the job. However, he did not have Anderson's measurements. Plaintiff altered the shirts too small, and Anderson accused plaintiff of altering them too small out of spite. Anderson told plaintiff's boss to give plaintiff a conduct violation and to fire him from the laundry. Plaintiff's boss refused. Anderson threatened to retaliate against plaintiff.

On December 25, 2014, plaintiff was assaulted by another inmate while he was having an asthma attack. Plaintiff did not fight back, and he told Anderson so. Anderson then issued a conduct violation to plaintiff for fighting and wrote that plaintiff admitted to fighting the other inmate. Plaintiff also says that Anderson subjected him to pat downs and strip searches for the next couple of years. But plaintiff does not say how many times he was subjected to searches or whether they were unusual compared to other officers or prisoners. He says he suffered emotionally.

On January 2, 2015, defendant Melanie Hankle tried to interview plaintiff about the conduct violation through his cell door. He tried to tell her what happened, but she could not hear him because the unit was very noisy. She found him guilty of fighting and gave him her report.

Because of the conduct violation, plaintiff was confined in administrative segregation for seventy-two days. After that, he was put in the "base line" program for 195 days, where he was allowed three hours of recreation per week and library time.

Plaintiff asked defendant Diane Montgomery for his legal papers, which were in fifteen folders, several times. She brought him four folders. Plaintiff told her that he needed them for a criminal case and a civil case. On February 11, 2015, plaintiff went before the administrative segregation committee. Montgomery chaired the meeting, and she told plaintiff he had thirty more days of administrative segregation.

Defendant Terry Russell searched plaintiff's cell on January 30, 2015. Russell took plaintiff's prednisone as well as some of his legal papers.

In April 2015 defendants Anderson, Unknown Chisko, and Unknown Hawanchak searched plaintiff's cell. They confiscated several items of his personal property, and they took some of his legal papers. They dumped his other legal papers on his bed and the floor, which mixed them up. Plaintiff was unable to get them in order afterwards.

Russell refused to give plaintiff toilet paper on two occasions in October 2015.

On October 7, 2015, plaintiff asked his cell mate to turn his television volume down or to listen on headphones. The two then fought, and plaintiff was given a conduct violation for fighting.

In October and November 2015 plaintiff asked defendant Leann Crews to give him his legal papers pertaining to his ongoing cases. She brought him the wrong folders. On November 13, 2015, defendant Unknown LaPlant responded to plaintiff's letters, telling plaintiff he had received all of his legal files.

Plaintiff ran out of toothpaste on October 7, 2015. His gums were infected at that time. Plaintiff wrote to Crews requesting state-issued toothpaste. She was his caseworker, and he was told she was the only one who could give it to him. He did not receive a response. He wrote to her several more times, and he was told that the prison would not give him any toothpaste. He also asked defendant Webb for it, but Webb did not provide it either. Plaintiff was without toothpaste for about six weeks. He suffered from swollen and painful gums during that time.

On October 28, 2015, defendant Brian Camden searched plaintiff's cell and took his legal papers and a state-issued spoon. Plaintiff was not given a property removal form. Defendant Justin Cavins issued plaintiff a conduct violation for having the spoon. Plaintiff says it was a false conduct violation because Cavins stated he searched plaintiff's cell when it was Camden who had searched it. Defendant Webb read the conduct violation to plaintiff. Webb ordered that plaintiff be fed only meal loaf for three days. Defendant LaPlant sanctioned plaintiff with thirty days' cell restriction.

Plaintiff says defendant Warden Troy Steele failed to properly train his employees with regard to the noise in his housing unit and his cell mate's refusal to turn down his television volume.

**Discussion**

Plaintiff's claims for deliberate indifference to his serious medical needs, with regard to the denial of toothpaste and his infected gums, may state a plausible claim for relief. As a result, the Court will order the Clerk to serve process on defendants Leann Crews and Unknown Webb.

Plaintiff's other claims do not raise to the level of a constitutional violation. To succeed on his § 1983 retaliation claim, plaintiff must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against plaintiff that would

4

chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004), *cert. denied*, 546 U.S. 860 (2005). Plaintiff alleges that Anderson retaliated against him for botching the alteration of Anderson's shirts. He does not allege that defendants retaliated against him for engaging in protected speech. Therefore, his retaliation claims are dismissed.

Plaintiff's claims that defendants gave him false conduct violations are not actionable under § 1983. *See Glick v. Sargent*, 696 F.2d 413, 414 (8th Cir. 1983) (per curiam). So, these claims are dismissed.

For the Due Process Clause to be implicated, an inmate subjected to segregation must have been subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship which might conceivably create a liberty interest. *Id.* at 485-86 (no atypical and significant hardship where inmate spent thirty days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (same; four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; ten days administrative segregation and thirty days on "on-call" status, as well as loss of higher paying job and numerous privileges). As a result, his claim regarding administrative segregation fails to state a claim upon which relief can be granted.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has not alleged that he suffered an actual injury to his legal claims, such as a missed deadline. Therefore, these claims are dismissed.

5

The due process clause may be implicated when a prisoner suffers a loss of property. If the taking of property by prison officials is intentional, however, and the state provides an adequate postdeprivation remedy, there is no violation of due process. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990) (taking did not violate due process because Missouri prisoner had adequate postdeprivation remedy). Plaintiff does not allege that he lacks an adequate postdeprivation remedy. Furthermore, regardless of the existence of a state postdeprivation remedy, no due process claim exists if the loss of plaintiff's property was the result of negligence. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *accord Davidson v. Cannon*, 474 U.S. 344, 347 (1986); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property). As a result, his allegations that defendants took his spoon and other personal property does not state a viable claim for relief.

Plaintiff's allegation that Terry Russell took his prednisone does not state a claim for deliberate indifference because plaintiff has not alleged he was denied his medications by medical staff. Plaintiff's claim that Russell refused to provide him with toilet paper does not rise to the level of a constitutional violation. Plaintiff has not alleged that he was without toilet paper or that he suffered any injuries.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the

6

official's own individual actions, has violated the Constitution."). Plaintiff's allegation that Steele failed to properly train his employees regarding noise pollution is wholly conclusory. Moreover, wardens are not liable simply because they oversee prison operations. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Additionally, plaintiff's claim regarding the noise pollution does not state a viable claim under § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendants Leann Crews and CO II Unknown Webb.

**IT IS FURTHER ORDERED** that the remaining defendants are dismissed.

An Order of Dismissal will be filed separately.

Dated this 12th day of April, 2016.

　　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE