UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE HANKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No: 4:16CV239 HEA |
| | ) |
| PHILLIP ANDERSON, et al., | ) |
| | ) |
| Defendants. | ) |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment, [Doc. No. 62] and Plaintiff's Motion for Summary judgment, [Doc. No. 65]. The parties respectively oppose the others' motions. For the reasons set forth below, Defendants' Motion is granted; Plaintiff's Motion is denied.

## **Facts and Background**

Defendant has, in accordance with the Court's Local Rules, submitted a Statement of Uncontroverted Material Facts. Plaintiff has responded to the Motion, but has failed to support his response with specific citations to the record. Plaintiff failed to submit a Statement of Uncontroverted Material Facts. Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7-401(E) of this Court's Local Rules, Defendants' facts are deemed admitted. Local Rule 7-401(E) provides:

Rule 7 - 4.01 Motions and Memoranda.

(E) A memorandum in support of a motion for summary judgment shall have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations. Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

*Roe v. St. Louis Univ.*, 746 F.3d 874, 881 (8th Cir. 2014) ("If the opposing party does not raise objections to a movant's statement of facts as required by Local Rule 4.01(E), "a district court will not abuse its discretion by admitting the movant's facts."); *Ridpath v. Pederson*, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not convert defendant's statement of material fact, it was deemed admitted under E.D. Mo. Local Rule 4.01(E) ); see also, *Holloway v. Union Pacific Railroad Company*, Cause No. 18-1580, p. 3 (8th Cir. March 28, 2019)(*per curium*)("In light of [Plaintiff's] failure to comply with Rule 7-4.01(E), we conclude that the district did not abuse its discretion by admitting [Defendant's] statement of facts. See *Roe v. St. Louis Univ.*, 746 F.3d 874, 881 (8th Cir. 2014) (discussing the plaintiff's failure to comply with Local Rule 7-4.01(E) and concluding that "[i]f no objections have been raised in the manner required by the

local rules, a district court will not abuse its discretion by admitting the movant's facts")).

Plaintiff is currently serving a life sentence at Southeast Corrections Center, but the events at issue took place while Plaintiff was incarcerated at the Eastern Reception, Diagnostic, and Correctional Center. Plaintiff alleges that Defendants deprived Plaintiff of toothpaste for a period of roughly six weeks from October 7, 2015 to November 20, 2015. He claims that this deprivation cause swelling and infection in Plaintiff's face and gums.

Defendant Webb was employed as a Corrections Officer II at ERDCC when the events giving rise to this action transpired. Defendant Crews was employed as a Corrections Case Manager I at ERDCC when the events transpired.

Plaintiff was assigned to administrative segregation as a new arrival to ERDCC in October of 2015. Plaintiff had no toothpaste on October 7, 2015, as he was separated from his property being held in the property room and was not given any state issued toothpaste.

Offenders typically get toothpaste from the canteen. ERDCC policy requires offenders to purchase hygiene items from the canteen unless they have (1) insufficient funds to do so (2) because they spent their "entire monthly wage on needed legal postage or legal supplies." Toothpaste was available for purchase from the prison canteen at the price of $1.78. The State gave Plaintiff a monthly

allowance of $7.50 to purchase items of his choice from the prison canteen. Plaintiff receives additional canteen funds from his family.

Plaintiff was aware that he could purchase toothpaste from the canteen. On September 28, 2015, Plaintiff went to the prison canteen with $22.29 in his account. Plaintiff purchased cheese spread, cappuccino, hot cocoa, coffee, ramen, peanut butter, jelly, crackers, and chips. He did not purchase toothpaste. Plaintiff left the prison canteen that day with $5.76 in his account.

On October 22, 2015, Plaintiff went to the prison canteen with $8.76 in his account. Plaintiff purchased a legal pad, two pens, and five envelopes, but did not purchase toothpaste. Plaintiff left the prison canteen with $7.09 in his account.

On November 18, 2015, Plaintiff chose to purchase toothpaste from the canteen for $1.78.

On October 8, 2015, Plaintiff wrote a kite to Crews requesting various items from the property room including paper, envelopes, a pen, and his reading glasses. Crews brought Plaintiff "folders of materials," but Plaintiff alleges those were the wrong materials. Plaintiff also alleges that his October 8, 2015 kite requested that Crews bring him toothpaste. Crews acknowledged receipt of Plaintiff's October 8, 2015 kite but asserted that the kite did not request toothpaste; it merely stated "P.S. I don't have any toothpaste or toilet paper."

Plaintiff wrote a second kite to Crews requesting toothpaste on October 29, 2015. Plaintiff received an unsigned response to his kite indicating that Corrections Case Officers "do not supply toothpaste" and that Plaintiff must purchase toothpaste from the canteen.

From October 29, 2015 to November 5, 2015, Plaintiff had a sign in his cell window regarding his request for state-issued toothpaste. At some point during that week Plaintiff asked Defendant Webb for toothpaste.

Neither Defendant Crews nor Defendant Webb provided toothpaste to Plaintiff.

Plaintiff attended numerous medical appointments, including a doctor appointment, and a dentist appointment during the period of alleged toothpaste deprivation.

During his November 4, 2015 dentist appointment, Plaintiff received an impression for dentures. Plaintiff alleges to have drawn attention to his swollen gums during this denture fitting. Plaintiff was not diagnosed with or treated for gum infection, gum swelling, or any other gum condition during the period of alleged toothpaste depravation.

On November 25, 2015, Plaintiff filed an IRR alleging that Plaintiff sent a kite to Crews on October 8, 2015 but never received a response. Plaintiff's November 25, 2015 IRR was denied by prison staff.

On February 8, 2016, Plaintiff filed a grievance which was also denied by prison staff. On April 18, 2016, Plaintiff filed an appeal which was also denied by prison staff.

Subsequent to the denial of Plaintiff's appeal, Plaintiff filed this law suit.

## Summary Judgment Standard

The Eighth Circuit has articulated the appropriate standard for consideration of motions for summary judgment, as follows:

> Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The movant bears the initial responsibility of informing the district court of the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Credibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.

*Torgerson v. City of Rochester,* 643 F.3d 1031, 1043 (8th Cir.2011)(en banc) (internal citations and quotation marks omitted). "Although the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must

[6]

instead set forth specific facts sufficient to raise a genuine issue for trial." *Wingate v. Gage Cnty. Sch. Dist., No. 34,* 528 F.3d 1074, 1078–79 (8th Cir.2008)(cited case omitted).

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986); *Torgerson*, 643 F.3d at 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.* Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. *Id.*

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.' " *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

## Discussion

Plaintiff alleges the remaining defendants, Webb and Crews, were deliberately indifferent to his serious medical needs.

"It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs." *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir.2000) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *see also Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006) ("Deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment."). "Deliberate indifference has both an objective and a subjective component." *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir.2006). The objective component requires the plaintiff to show he was suffering from an

[8]

objectively serious medical need. *E.g., Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir.2006); *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir.1997) (*per curiam*). The subjective component requires the plaintiff to show the defendant actually knew of, but disregarded, that need. *E.g., Krout v. Goemmer*, 583 F.3d 557, 568 (8th Cir.2009); *Grayson*, 454 F.3d at 808-09. The plaintiff "must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted); *Schaub v. VonWald*, 638 F.3d 905, 915 (8th Cir. 2011); *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006) ("The subjective inquiry must show a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health."). This is an "onerous standard," *Thompson v. King*, 730 F.3d 742, 747 (8th Cir.2013), requiring a prisoner to "clear a substantial evidentiary threshold," *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir.2010). Moreover, because "[l]iability for damages for a federal constitutional tort is personal, ... each defendant's conduct must be independently assessed." *Heartland Acad. Cmty. Church v. Waddle*, 595 F.3d 798, 805–06 (8th Cir. 2010).

The evidence before the Court demonstrates that Plaintiff has failed to present evidence of a serious medical need. To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

Plaintiff claims that his gums were swollen and infected, however, the uncontroverted evidence establishes that Plaintiff was seen by a dentist during the relevant time period for denture fittings. At no time during the relevant time period did a dentist or doctor diagnose Plaintiff's gums as swollen and/or infected.

Likewise, there is no evidence in the record to establish that Plaintiff's condition was so obvious that even a layperson would easily recognize the necessity for medical/dental attention. Plaintiff's support for his claim that his gums were swollen and infected are his own self-serving conclusory statements so stating. Such statements, without evidentiary support, are insufficient.

Furthermore, even assuming Plaintiff could establish a serious medical need which would require toothpaste, Plaintiff has failed to present evidence supporting the subjective prong of the deliberate indifference standard. Plaintiff argues that he asked for state issued toothpaste. Plaintiff was advised that toothpaste must be purchased in the canteen as funds were available in Plaintiff's account. Nowhere

in the record before the Court is there any evidence that these Defendants were aware of a serious medical need. Plaintiff's first alleged report of swollen and infected gums to Defendant Crews was on October 20, 2015. Plaintiff saw a dentist on November 4, 2015, who did not diagnose swollen and infected gums. Plaintiff has not provided any evidence to support a finding that Defendants failed to provide for treatment for Plaintiff, interfered with his treatment, or allowed prison doctors' constitutional violations. Rather, all records indicate that Defendants were not involved in any medical decisions, that Plaintiff was provided dental treatment, and that Defendants advised Plaintiff should purchase toothpaste with his available funds since the prison did not provide toothpaste if funds were available to him and were not needed to purchase legal supplies.

## Conclusion

Based upon the foregoing analysis, Defendants are entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure. The undisputed material facts establish that Defendants have not been deliberately indifferent to Plaintiff's serious medical needs. As such, Defendants' Motion for Summary Judgment will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [Doc. No. 62] is **GRANTED** and Plaintiff's Motion for Summary Judgment [Doc. No. 65] is **DENIED.**

A separate Judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 29th day of March, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE